IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 20, 2024

## FRANK L. SLAUGHTER, JR. v. BOARD OF PROFESSIONAL RESPONSIBILITY OF THE SUPREME COURT OF TENNESSEE

**Direct Appeal from the Chancery Court for Sullivan County**
**No. 22-CV-19113   Thomas J. Wright, Senior Judge**

———————————————————

**No. E2023-01567-SC-R3-BP**

———————————————————

A hearing panel of the Board of Professional Responsibility found that a Sullivan County attorney violated Rules 1.6, 4.4, and 8.4 of the Tennessee Rules of Professional Conduct after the attorney disclosed confidential information about a client's case to third parties in a separate case.  The hearing panel imposed a public censure as punishment.  The attorney appealed, and the chancery court affirmed the hearing panel's decision.  The attorney now appeals to this Court, arguing that Tennessee Supreme Court Rule 9 violates his due process rights and that his actions did not amount to violations of Rules 1.6 and 4.4.  After careful review, we affirm the judgment of the chancery court with regard to Rule 1.6. However, we reverse the chancery court's judgment upholding the hearing panel's finding that the attorney violated Rule 4.4.

**Tenn. Sup. Ct. R. 9, § 33.1(d); Judgment of the Chancery Court Affirmed in Part and Reversed in Part**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which HOLLY KIRBY, C.J., ROGER A. PAGE, SARAH K. CAMPBELL, and DWIGHT E. TARWATER, JJ., joined.

Robert Deno Cole, Knoxville, Tennessee, for the appellant, Frank L. Slaughter, Jr.

James W. Milam, Brentwood, Tennessee, for the appellee, Board of Professional Responsibility.

## OPINION

### I. Factual and Procedural Background

Frank L. Slaughter, Jr. has been licensed to practice law in Tennessee since 1997. This disciplinary matter arises from disclosures Mr. Slaughter made concerning a client in

one case to his client, another attorney, and the attorney's client in another case. Due to the juvenile status of some of the individuals involved in both cases and the sensitive nature of the facts, much of the record of this disciplinary proceeding is sealed. As a result, our recitation of the facts and subsequent analysis will be general in nature and more truncated than in some prior opinions.[1]

In February 2020, Mr. Slaughter was retained as counsel in a juvenile case involving allegations of sexual assault ("Case A"). A few months later, Mr. Slaughter was retained as counsel in a dependency and neglect case ("Case B").

At some point in the early stages of Case B, Mr. Slaughter met jointly with his Case B client, another party in Case B, and that party's attorney. During the meeting, Mr. Slaughter expressed concerns about working with another attorney involved in Case B due to that attorney's connection with Case A. In expressing these concerns, Mr. Slaughter revealed information about his Case A client, other individuals involved in Case A, and the case itself. The disclosures identified individuals involved in Case A, including the juvenile victim. The other attorney, who was attending the Case B meeting by telephone, stated that the disclosures were inappropriate and immediately ended the phone call. This attorney subsequently filed a complaint with the Board of Professional Responsibility ("Board").

During the Board's investigation of the complaint, Mr. Slaughter stated that he had not been given permission by his Case A client to make the disclosures during the Case B meeting, but he asserted that he did not need permission because the information he disclosed was not confidential and could not have been used to identify his Case A client. For this same reason, Mr. Slaughter stated that he had not informed his Case A client about his disclosures during the Case B meeting.

Following its investigation, the Board determined that Mr. Slaughter's actions constituted ethical misconduct warranting imposition of a public censure, and it advised Mr. Slaughter of his right to demand a formal hearing within twenty days. Mr. Slaughter rejected the public censure and demanded a formal hearing. In June 2021, the Board filed a petition for discipline against Mr. Slaughter.

Before the hearing panel, Mr. Slaughter did not dispute the factual allegations of the petition. However, he argued that his Case A client had given him consent to make the disclosures. After a hearing, the hearing panel entered its findings of fact and conclusions of law. The hearing panel concluded that Mr. Slaughter did not have his Case A client's informed consent to make the disclosures based on the definition of "informed consent" in

---

[1] We have carefully and fully reviewed the entire record in this matter.

Rule 1.0(e) of the Tennessee Rules of Professional Conduct ("RPCs").[2] Accordingly, the hearing panel concluded that Mr. Slaughter violated RPC 1.6(a), which prohibits attorneys from "reveal[ing] information relating to the representation of a client unless . . . the client gives informed consent . . . [or] the disclosure is impliedly authorized in order to carry out the representation."[3] Tenn. Sup. Ct. R. 8, RPC 1.6(a). The hearing panel also concluded that Mr. Slaughter violated RPC 4.4(a)(1), which prohibits lawyers from "us[ing] means that have no substantial purpose other than to embarrass, delay, or burden a third person or knowingly us[ing] methods of obtaining evidence that violate the legal rights of such a person."[4] Tenn. Sup. Ct. R. 8, RPC 4.4(a)(1). Based on its findings of fact and conclusions of law and the American Bar Association Standards for Imposing Lawyer Sanctions ("ABA Standards"), the hearing panel determined that Mr. Slaughter should receive a public censure as punishment.

Mr. Slaughter filed a petition for review in the Sullivan County Chancery Court pursuant to Tennessee Supreme Court Rule 9, section 33.1(a). After a hearing, the chancery court denied relief and affirmed the hearing panel's decision regarding Mr. Slaughter's violations of the RPCs. With regard to Mr. Slaughter's punishment, the chancery court held that the hearing panel erred by failing to specify which ABA Standard it relied on in imposing a public censure. However, the chancery court concluded that this error was harmless because Mr. Slaughter ultimately received a public censure—the least severe sanction a hearing panel may impose upon finding a violation of a disciplinary rule. Accordingly, based on ABA Standard 4.23,[5] the chancery court affirmed the public censure.[6]

---

[2] RPC 1.0(e) defines "informed consent" as "the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct." Tenn. Sup. Ct. R. 8, RPC 1.0(e).

[3] RPC 1.6(a) contains two other exceptions to the prohibition on revealing information relating to representation of a client. However, these exceptions are not relevant to this appeal.

[4] The hearing panel also determined that, by violating RPC 1.6 and 4.4, Mr. Slaughter violated RPC 8.4(a), which provides, in pertinent part, that it is professional misconduct to "violate or attempt to violate the Rules of Professional Conduct." Tenn. Sup. Ct. R. 8, RPC 8.4(a). However, in making this finding, the hearing panel quoted the text of RPC 8.4(d), which prohibits attorneys from "engag[ing] in conduct that is prejudicial to the administration of justice." Tenn. Sup. Ct. R. 8, RPC 8.4(d). Although the quoted material does not comport with the hearing panel's finding that Mr. Slaughter violated RPC 8.4(a), this discrepancy is immaterial, as it has no impact on the outcome of this case.

[5] ABA Standard 4.23 provides that "[r]eprimand is generally appropriate when a lawyer negligently reveals information relating to representation of a client not otherwise lawfully permitted to be disclosed and this disclosure causes injury or potential injury to a client."

[6] The chancery court modified the wording of the public censure to specify that Mr. Slaughter lacked "effective" consent from his Case A client.

Mr. Slaughter now appeals to this Court pursuant to Tennessee Supreme Court Rule 9, section 33.1(d) and raises three issues, which we restate as follows:

1. Whether Tennessee Supreme Court Rule 9 is Unconstitutional and Violates Mr. Slaughter's Procedural and Substantive Due Process Rights.

2. Whether the Chancery Court Erred in Affirming the Hearing Panel's Finding that Mr. Slaughter Violated RPC 1.6.

3. Whether the Chancery Court Erred in Affirming the Hearing Panel's Finding that Mr. Slaughter Violated RPC 4.4.

## II. Standard of Review

Under the applicable standard of review in this case, we may modify or reverse the hearing panel's judgment if its findings, inferences, conclusions, or decisions are:

> (1) in violation of constitutional or statutory provisions; (2) in excess of the panel's jurisdiction; (3) made upon unlawful procedure; (4) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (5) unsupported by evidence which is both substantial and material in light of the entire record.

Tenn. Sup. Ct. R. 9, § 33.1(b).

A hearing panel's decision is supported by substantial and material evidence when the evidence "furnishes a reasonably sound factual basis for the decision being reviewed." Sneed v. Bd. of Pro. Resp., 301 S.W.3d 603, 612 (Tenn. 2010). "A reasonably sound basis is less than a preponderance of the evidence but more than a scintilla or glimmer." Harris v. Bd. of Pro. Resp., 645 S.W.3d 125, 137 (Tenn. 2022) (quoting Beier v. Bd. of Pro. Resp., 610 S.W.3d 425, 438 (Tenn. 2020)). A hearing panel's decision is arbitrary or capricious when it "is not based on any course of reasoning or exercise of judgment, or . . . disregards the facts or circumstances of the case without some basis that would lead a reasonable person to reach the same conclusion." Bd. of Pro. Resp. v. Parrish, 556 S.W.3d 153, 163 (Tenn. 2018) (quoting Hughes v. Bd. of Pro. Resp., 259 S.W.3d 631, 641 (Tenn. 2008)). A hearing panel abuses its discretion when it "appl[ies] an incorrect legal standard or reach[es] a decision that is against logic or reasoning that causes an injustice to the party complaining." Id. (alteration in original) (quoting Sallee v. Bd. of Pro. Resp., 469 S.W.3d 18, 42 (Tenn. 2015)).

We review questions of law de novo without a presumption of correctness. Harris, 645 S.W.3d at 136. However, we defer to the hearing panel with regard to the weight of

the evidence on questions of fact.  Long v. Bd. of Pro. Resp., 435 S.W.3d 174, 178 (Tenn. 2014).

## III. Analysis

### A. Constitutional Challenge to Tennessee Supreme Court Rule 9

Mr. Slaughter argues that Tennessee Supreme Court Rule 9, which establishes the system for enforcing the RPCs, violates his due process rights.  Mr. Slaughter acknowledges that he did not raise this issue before the hearing panel or the chancery court.  However, he contends that the issue is not waived because it constitutes "fundamental error" and can be raised at any time.

The general rule is that "a party may not raise an issue on appeal that was not raised in the trial court."  Jackson v. Burrell, 602 S.W.3d 340, 344 (Tenn. 2020).  However, the general rule does not apply in these circumstances because, as we explained in Long v. Board of Professional Responsibility, "only the Tennessee Supreme Court may determine the facial validity of its rules."  435 S.W.3d 174, 184 (Tenn. 2014).  A party may bring a facial constitutional challenge to a Tennessee Supreme Court rule by either filing a petition directly with this Court or raising the issue in an appeal to this Court.  Id. at 184–85.  Mr. Slaughter has chosen the second route.  As such, the issue is not waived, and we will address it on the merits.

Mr. Slaughter's complaint is that Rule 9 violates his due process rights by investing Chief Disciplinary Counsel for the Board with investigative, prosecutorial, and adjudicative authority.  The Board responds that Rule 9 comports with due process and relies on several decisions from this Court as support for its position.  See Bd. of Pro. Resp. v. Reguli, 489 S.W.3d 408, 425–26 (Tenn. 2015); Walwyn v. Bd. of Pro. Resp., 481 S.W.3d 151, 168–71 (Tenn. 2015); Long, 435 S.W.3d at 186–88; Moncier v. Bd. of Pro. Resp., 406 S.W.3d 139, 156 (Tenn. 2013).

Our decision in Long again proves instructive.  Like Mr. Slaughter, the respondent attorney in Long argued that Rule 9 violated his due process rights by combining investigative, prosecutorial, and adjudicative functions in the same agency.  435 S.W.3d at 185.  We rejected this argument, noting that, unlike the norm in criminal proceedings, "due process does not require the strict adherence to separation of functions in civil matters."  Id. (quoting Heyne v. Metro. Nashville Bd. of Pub. Educ., 380 S.W.3d 715, 735 (Tenn. 2012)).  We explained that more is required to give rise to a due process violation "than a simple combination of functions within the Board."  Id. at 186.  We cited a number of cases from other jurisdictions in which appellate courts had rejected due process challenges grounded on the combination of investigative, enforcement, and adjudicative functions in a single entity.  Id. (citing In re Hanson, 532 P.2d 303, 306 (Alaska 1975); People v. Varallo, 913 P.2d 1, 4 (Colo. 1996); In re Zoarski, 632 A.2d 1114, 1121 (Conn. 1993); In

- 5 -

re Baun, 232 N.W.2d 621, 623–24 (Mich. 1975); Goldstein v. Comm'n on Prac. of Sup. Ct., 995 P.2d 923, 928 (Mont. 2000)). Finally, we explained that, although investigative, enforcement, and adjudicative functions all fall within the purview of the Board, these functions are performed by different groups of individuals within the Board. Id. "The Board's Office of Chief Disciplinary Counsel investigates allegations of misconduct by Tennessee attorneys and then, when warranted, initiates formal disciplinary proceedings." Id. at 186–87. Those proceedings subsequently are adjudicated by hearing panels, which consist of independent attorneys appointed by the Board. Id. at 187. Any risk of bias is mitigated by the fact that this Court holds the "ultimate power of review" in disciplinary matters. Id. (quoting Varallo, 913 P.2d at 5). Therefore, for all of the reasons we provided in Long, we hold that Mr. Slaughter's constitutional challenge to Rule 9 lacks merit.

## B. RPC 1.6

RPC 1.6(a) prohibits attorneys from "reveal[ing] information relating to the representation of a client unless . . . the client gives informed consent . . . [or] the disclosure is impliedly authorized in order to carry out the representation." Tenn. Sup. Ct. R. 8, RPC 1.6(a). Mr. Slaughter argues that, contrary to the hearing panel's finding, he did not violate RPC 1.6 because he did not reveal enough information during the Case B meeting to attribute the facts of Case A to his Case A client. Therefore, according to Mr. Slaughter, he did not subject his client to harm. Alternatively, Mr. Slaughter argues that he had informed consent from his Case A client to make the disclosures during the Case B meeting. The Board responds that, based on Comment 4 of RPC 1.6, Mr. Slaughter's disclosures involved confidential information. Comment 4 provides:

> Paragraph (a) prohibits a lawyer from revealing confidential information relating to the representation of a client. This prohibition also applies to disclosures by a lawyer that do not in themselves reveal protected information but could reasonably lead to the discovery of such information by a third person.

Tenn. Sup. Ct. R. 8, RPC 1.6(a) cmt. 4. The Board argues that Mr. Slaughter disclosed confidential Case A information during the Case B meeting to third parties who were not under a duty to maintain confidentiality and that Mr. Slaughter negligently failed to take measures to ensure that the Case B meeting participants would not repeat the disclosures. The Board further argues that Mr. Slaughter lacked informed consent from his Case A client to make the disclosures, as Mr. Slaughter failed to communicate adequate information to his client about the risks of disclosing confidential information and the alternatives to disclosure.

The hearing panel agreed with the Board, and based on our review of the record, we conclude that the hearing panel's findings are supported by substantial and material evidence. During Mr. Slaughter's Case B meeting, he disclosed detailed, confidential

information about Case A.  The information he revealed reasonably could have led to the identification of Mr. Slaughter's Case A client and other individuals involved in Case A, including the juvenile victim.  See Tenn. Sup. Ct. R. 8, RPC 1.6(a) cmt. 4.  Thus, Mr. Slaughter's disclosures clearly revealed "information relating to the representation of a client."  See Tenn. Sup. Ct. R. 8, RPC 1.6(a); see also Tenn. Sup. Ct. R. 8, RPC 1.6 cmt. 3 (explaining that RPC 1.6(a) "applies not only to matters communicated in confidence by the client but also to *all information relating to the representation, whatever its source*" (emphasis added)).

In addition, the disclosures were not permitted under any relevant exception to RPC 1.6(a)—they were not "impliedly authorized in order to carry out the representation" of Mr. Slaughter's Case A client, and Mr. Slaughter did not have informed consent from his Case A client as defined by RPC 1.0(e).[7]  Tenn. Sup. Ct. R. 8, RPC 1.6(a)(1)–(2).  Thus, we hold that the chancery court did not err in affirming the hearing panel's finding that Mr. Slaughter violated RPC 1.6(a).

## C. RPC 4.4

RPC 4.4(a)(1) prohibits lawyers from "us[ing] means that have no substantial purpose other than to embarrass, delay, or burden a third person or knowingly us[ing] methods of obtaining evidence that violate the legal rights of such a person."  Tenn. Sup. Ct. R. 8, RPC 4.4(a)(1).  Mr. Slaughter argues that he did not violate RPC 4.4 because his disclosures during the Case B meeting had a substantial purpose and were not intended to embarrass or burden anyone.  Mr. Slaughter explains that his disclosures were intended to protect his Case B client's interests.

Upon our review of the record, we hold that substantial and material evidence does not support a finding that Mr. Slaughter violated RPC 4.4(a)(1).  Therefore, the chancery court erred in upholding the hearing panel's finding that Mr. Slaughter violated this disciplinary rule.  Accordingly, we reverse the judgment of the chancery court as to RPC 4.4(a)(1).

## CONCLUSION

We hold that Tennessee Supreme Court Rule 9 does not violate Mr. Slaughter's due process rights.  We affirm the chancery court's judgment upholding the hearing panel's finding that Mr. Slaughter's disclosures violated RPC 1.6(a) and the hearing panel's imposition of a public censure, as modified.  We reverse the chancery court's judgment

---

[7] It is not clear from the record whether Mr. Slaughter received permission from his Case A client to make the disclosures.  However, the record shows that any such consent could not have been "informed consent" under RPC 1.0(e) given the lack of discussion between Mr. Slaughter and his Case A client about the "risks of and reasonably available alternatives to [disclosure]."  Tenn. Sup. Ct. R. 8, RPC 1.0(e).

upholding the hearing panel's finding that Mr. Slaughter violated RPC 4.4(a)(1). Costs of this appeal are taxed to Mr. Slaughter, for which execution may issue if necessary.

_____
JEFFREY S. BIVINS, JUSTICE